IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DULCE CABRERA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROSS STORES OF PENNSYLVANIA, | : | |
| LP, ROSS STORES, INC., ROSS DRESS | : | |
| FOR LESS, INC., ROSS DRESS FOR | : | |
| LESS #506, AND ROSS PENNGEN, | : | |
| INC., | : | No. 13-5218 |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW

Before me is the renewed oral motion for summary judgment of Defendants Ross Stores of Pennsylvania, LP, Ross Store, Inc., Ross Dress for Less, Inc. Ross Dress for Less 506, and Ross Penngen, Inc. ("Ross Stores"). They argue that summary judgment must be granted in their favor because Plaintiff Dulce Cabrera cannot meet her burden of proof as to two elements of her prima facie case of negligence – the elements of causation and damages. Cabrera, proceeding *pro se* after having fired her attorney, has failed to come forward with evidence to show a material factual dispute as to these claims. I will grant Ross Stores' motion for summary judgment.

## I. FACTUAL BACKGROUND

Cabrera alleges that she sustained injuries when slipping and falling on a puddle of water in a Ross store on June 29, 2011. (Doc. No. 1, Ex. A. at ¶ 13). Specifically, Cabrera contends that she sustained a meniscal tear in her right knee and lumbar strain. (Doc. No. 1, Ex. A. at ¶ 16). During her deposition, Cabrera testified that when she slipped she fell on her bottom, and that she could not

remember where her knees went. (Doc. No. 64, Ex. A., at 80-81). Cabrera picked herself up and continued to shop after the alleged fall, and did not seek medical treatment until after retaining an attorney almost one month after the incident. *Id.* at 82-83, 96-98.

During discovery, Cabrera neither identified, nor produced the report of, any expert witness. At a pre-trial conference on October 19, 2015, Cabrera confirmed that she did not intend to call an expert witness at trial. I granted Defendants' motion in limine to preclude Cabrera from calling an expert witness based upon her failure to identify any expert witness, produce any expert report, or make any expert available for deposition while discovery was open. Ross Stores then orally moved for summary judgment. I directed the parties to submit written briefs on the motion. Briefing is now complete and Ross Stores' motion is ripe for disposition.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pursuant to Rule 56(c), summary judgment is appropriate if, after adequate time for discovery and upon motion, a party fails to demonstrate that they can establish the existence of an element essential to their case and on which they will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Because Cabrera, the nonmoving party has failed to demonstrate that she can establish causation, an essential element of her negligence case, Ross Stores are entitled to summary judgment.

## III. DISCUSSION

### A. Summary Judgment

Ross Stores contend that they are entitled to summary judgment because Cabrera cannot present evidence to support two elements of her prima facie case of negligence – causation and damages. I agree. Because I find that Cabrera cannot establish causation as a matter of law, I will not reach the argument as to damages.

As discussed below, under Pennsylvania law, this case requires expert testimony to establish causation. Because Cabrera did not identify any expert witness, produced any expert report during the pendency of discovery, and has confirmed her intention *not* to call an expert witness at trial, I agree that Cabrera will not be able to carry her burden of proof at trial as to an essential element of her negligence case.

"'Pennsylvania law is clear that in a personal injury case when there is no obvious causal relationship between the accident and the injury, unequivocal medical testimony is necessary to establish the causal connection.'" *Niklaus v. Vivadent, Inc.*, 767 F. Supp. 94, 96 (M.D. Pa. 1991) (quoting *Albert v. Alter*, 381 A.2d 459, 470 (Pa. Super. 1977)); *Smith v. German*, 253 A.2d 107, 109 (Pa. 1969) ("'Where there is no obvious causal relationship, unequivocal Medical testimony is necessary to establish the causal connection. . . .'"). Expert testimony is

necessary to establish causation where "a significant period of time ha[s] elapsed between the injury complained of and the accident and . . . the injury [is] not of the type one would normally expect to result from the accident in question either because the accident would not normally produce such an injury or there were other equally likely or more likely causes of the injury." *Lattanze v. Silverstrini*, 448 A.2d 605, 608-09 (Pa. Super. Ct. 1982).

Here, the evidence shows that Cabrera fell on her bottom, and that she did not know what happened to her knees when she fell. (Doc. No. 64, Ex. A, at 80-81 (Cabrera Depo.)). There were no witnesses to Cabrera's fall, and she did not seek medical treatment until almost one month after the injury when her attorney referred her to a doctor. *See id.* at 96-98. Defendants have come forward with the expert medical opinion of Dr. Laurence R. Wolf. (Doc. No. 64, Ex. C). Dr. Wolf both reviewed Cabrera's medical records and performed an independent medical exam of Cabrera. *Id.* at 1. Dr. Wolf's opinion, stated with a reasonable degree of medical certainty, is that Cabrera's knee injury was not sustained during her alleged fall at the Ross store. *Id.* at 6-7. Rather, he finds that the injury "is likely a non-traumatic, degenerative tear, frequently associated with degenerative arthritis." *Id.* at 6.

This case presents a factual scenario that, under Pennsylvania law, requires expert testimony to establish a causal connection between the alleged fall and injury. A significant period of time – one month - elapsed between the time of Cabrera's alleged fall and the time at which she sought medical attention. (Doc. No. 64, Ex. A. at 98 (Cabrera Dep.). Ross Stores has come forward with expert testimony that establishes to a reasonable degree of medical certainty that

4

Cabrera's knee was not damaged in her alleged fall at a Ross Store. Cabrera has not come forward with any expert testimony to counter this opinion. Accordingly, Cabrera will not be able to carry her burden of establishing causation, a necessary element of her negligence claim, at trial.

Because there is a complete failure of proof as to the element of causation with regard to Cabrera's negligence claim, there can be no material factual dispute. *See Celotex*, 477 U.S. 317, 323 (1986).  The grant of summary judgment in favor of Ross Stores is appropriate.

### B.  Offer of Judgment

On October 31, 2014, Ross Stores made an offer of judgment to Cabrera pursuant to Federal Rule of Civil Procedure 68(d). (Doc. No. 26). Rule 68 provides in relevant part:

> (a) **Making an Offer; Judgment on an Accepted Offer.**  At least 14 days before the date set for trial, a party defending against a claim may serve on opposing party an offer to allow judgment on specified terms with costs accrued. . . .
>
> (b) **Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> . . . .
>
> (d) **Paying Costs After and Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

By the offer, Ross Stores agreed to have judgment taken against them by Cabrera in the amount of twenty thousand dollars ($20,000.00). (Doc. No. 26). Cabrera did not accept the offer. Accordingly, the offer is considered withdrawn. Fed. R.

Civ. P. 68(b). Because I will grant summary judgment in favor of Ross Stores, Cabrera has failed to obtain a judgment that is more favorable than the offer of judgment made by Ross Stores. Pursuant to Rule 68(d), Cabrera will be required to pay the costs incurred by Ross Stores from the date of the offer, October 31, 2014, through the date of the order granting judgment in favor of Ross Stores, November 23, 2015.

BY THE COURT:


_s/Richard A. Lloret_
RICHARD A. LLORET
U.S. Magistrate Judge